## SMITH v. WINN.

1. Findings of fact by referee and Circuit Judge, approved.
2. The will directed that testator's property should be appraised and divided by the executors "hereinafter named," amongst his wife and children, and nominated three persons as executors, only one of whom qualified. *Held,* that the power was not a personal confidence, but was conferred upon the executors *virtute officii* and was coupled with a trust in favor of third persons, and therefore might be validly executed by the sole qualified executor.
3. The adult distributees, including a married woman and her trustee, are bound by a partition and division made by the executrix, in which they acquiesced and under which they received portions.

Before FRASER, J., Union, October, 1886.

In this case, Hon. Joseph B. Kershaw, Judge of the Fifth Circuit, sat in the place of the Chief Justice, who had been of counsel in the cause. It was an action by Asa Smith, trustee of Janie E. Smith, and by Janie E. Smith and her husband, William, against the executors and distributees of William Long, deceased. Mrs. Smith was married prior to April, 1868, and her estate was transferred to Asa Smith as her trustee in April, 1869.

The case was referred to David Johnson, jr., Esq., as special referee, who after giving his reasons, reported the following conclusions:

I find as conclusions of fact: 1. That the appraisement of the estate of Wm. Long, made on March 21, 1868, was made in good

---

[1] This completes the cases of April Term, 1887.—REPORTER.

faith, was fair and just.   2. That the partition made under the appraisement last mentioned was with the consent and approval of all the adult legatees.   3. That Mrs. Jane E. Smith consented to and approved said appraisement and partition at the time, and ratified and confirmed it after the adoption of the constitution of 1868.   4. That the accounts, "X" and "Y," herewith filed, are proper statements of the accounts of the executors with the estate of their testator, and with the several legatees, except as to the rents and profits of the Darwin land, and the proceeds of the sale of the Sanders bale of cotton, as to both of which the referee finds nothing.

I find as conclusions of law :

That the partition of the estate of Wm. Long, with the appraisement of March 21, 1868, as a basis of values, is valid and binding upon the parties to this action, except Caroline and Thomas E., children of John Long, deceased, and that it is valid and binding as to the said Caroline and Thomas E., except as to the assignment of the Darwin land to-them.   That Asa Smith, as trustee, and Jane E. Smith, are estopped from calling the validity of the said appraisement and partition in question.

That the executors are creditors of the estate, upon their general account therewith, to the amount of one hundred and 38-100 dollars.   That the executors are indebted to Mary Winn, Nancy Ray, and to Caroline and Thomas E., children of John Long, deceased, as stated in exhibit "Y," and that the said parties are respectively entitled to judgment for said sums.   That Asa Smith, as trustee of Jane E. Smith, James Long, Charles R. Long, Mrs. A. C. C. Hames, and Miss Sallie Long, are respectively indebted to the executors as stated in exhibit "Y," and that the executors are entitled to judgments against said parties for the amount due by each of them respectively.

That the balances due by the legatees respectively to the executors as above stated, should be made a charge upon their respective shares of the estates yet to be distributed, and that no further payments should be made to said parties until said balances are satisfied.   That before any further distribution is made, the legatees should be charged respectively with the amounts received by them from Mrs. Miriam Long in her life-time, with interest from

the day of her death.    That the executors should account for the rents and profits of the Darwin land during the time it has been in their possession, and for the proceeds of the Sanders bale of cotton.    That Caroline Davis and Thos. E. Long should be charged with the rent of the Darwin land, which was received by C. C. Davis, their guardian.

The referee respectfully recommends : That this action be retained until the conclusion of the action now pending to try the title to the Darwin land.    That the personal property allotted to Mrs. Miriam Long from the estate of Wm. Long, be sold by the executors after proper advertisement, for cash.    That the real estate which was allotted to Mrs. Long, as aforesaid, be sold by the master for Union County, upon some convenient sales-day, upon the following terms, &c.

Upon exceptions by both parties to this report, the cause came on to be heard by Judge Fraser, who filed the following decree :

The most important question raised by the exceptions is, as to the validity of a partition of the estate of the testator by Mary Winn, the only qualified executor, and her husband, the other two persons named in the will as executors having declined to qualify or to become trustees of the shares of the daughters.    An examination of the will shows that the power and duty of dividing this estate was given to the executors, and as a part of their duty as such, and in a clause in which they are not named at all, except that they are referred to as "hereinafter named."    "Where authority is given to executors, and the will does not expressly point to a joint exercise of it, even a single surviving executor may exercise it"—*Sugden on Powers*, 128—and the liberality of modern times will probably incline the courts to hold that in every case where the power is given to *executors*, as the office survives, so may the power.    *Ibid.*    I have not the authorities at hand, but take it to be law, that wherever a power of sale or other power merely administrative is given to executors as such, the power not only survives, but may be executed by those, even if only one, who qualify and assume the duty of executing the will.

The case of *Mallet* v. *Smith* (6 *Rich. Eq.*), as I understand the case, is not to the point, as there the power was one given in "special trust and confidence," and in no way connected with the exe-

38

cutorship. It was a power, as I remember it, to appoint *to whom*, in certain contingencies, the estate should go, and not a mere power to administer, as to pay debts, sell and invest, all of which could be enforced, or even exercised by the courts—it was a personal trust. The power given in the will in *Mallet* v. *Smith* is one which no court could enforce or exercise any authority to compel the depositary of the power to execute otherwise than in some way agreeable to his own will and discretion.

I concur with the referee in the conclusion, that the first appraisement was not made with a view to a partition. If, however, it was, the executrix was not bound to act on it. The will requires the valuation on a specie basis, and such seems to have been adopted at the second appraisement, upon which the division was made. I conclude, therefore, for these reasons, as well as those assigned by the referee, that the division of this estate, made in 1868, was binding on all the parties, whether married women or minors or trustees or guardians.

I do not find in the papers before me sufficient data to show how much of the *corpus* of the estate has been paid to Mrs. Smith, but no interest on any part of the trust fund should be paid to her until, out of the interest, so much of his *corpus* is restored as has been paid to her.

It does not appear why the referee has not allowed Mrs. Winn commissions, and nothing appears on the face of the papers before me to deprive her of them.

It is ordered and adjudged, that the reports of the referee above referred to, be and they are hereby confirmed and made the judgment of the court, except as hereinafter provided.

It is ordered, that the executors do pay into court the full amount of the *corpus* of the trust estate of Mrs. Smith, which has not heretofore been paid to the trustee, Asa Smith, including the amount of the *corpus* paid or loaned to Mrs. Smith, the beneficiary, and that no portion of the interest on the trust fund so paid into court, or now in the hands of her trustee, Asa Smith, be paid to Mrs. Smith, until out of said interest the whole amount of the *corpus* to be paid over by the executors under this order be refunded to them, and which interest the said trustee shall pay to them for this purpose. It is ordered, that it be referred

to David Johnson, jr., as referee, to ascertain, on the basis of the accounting herein confirmed, what is the amount of such *corpus.*

It is ordered, if it shall hereafter appear that commissions should have been allowed, that the statement of the accounts herein confirmed be corrected as the allowance to said commissions may render necessary and proper, and it is referred to the same referee, to report such facts as will enable the courts to determine this matter.

It is further ordered, that all matters between the minors and the other parties to this action, *arising out of the alleged defect in title* to the land assigned to them in the partition, be reserved, as for future determination, as well as the modifications which may thereby be made of the rights of the other parties as amongst themselves.

Several of the exceptions are taken to the amounts found due, one way or the other, in the reports, without pointing out the specific errors in such a way as to direct the attention of the court to them, and which I am therefore unable to detect.

It is ordered, that all matters of costs and any others not herein adjudicated, be reserved for the future order of the court, and that parties have leave to apply for such administrative order as may be proper to carry out this judgment.

Plaintiffs appealed upon the following exceptions :

1. For that his honor finds that the first appraisement was not made with a view to partition; whereas his honor should have found the reverse.

2. For that his honor erred in holding that the executrix had authority under the will to exercise the power of making partition ; and in not holding the contrary.

3. For that his honor erred in holding that the division of the estate, made on March 21, 1868, was binding on all the parties, whether married women or minors, or trustees or guardians; and in not holding to the contrary.

4. For that his honor erred in adjudging that the reports of the referee be confirmed and made the judgment of the court; whereas his honor should have overruled said reports in the particulars set forth in the exceptions of the plaintiffs to said reports.

5. For that his honor erred in not finding that no commissions should be allowed to the executrix.

*Mr. I. G. McKissick* read argument of *J. H. Rion*, deceased, for appellants.

*Mr. D. A. Townsend*, contra.

December 12, 1887. The opinion of the court was delivered by

Mr. Justice Kershaw. On April 6, 1865, William Long, the elder, duly executed his last will and testament, whereby he appointed the defendant, Mary Winn (then Mary Long), James B. Steedman, and his son, William Long, executors. Soon thereafter, and in the same year, he died, and his will was admitted to probate. Mary Long alone qualified as executrix thereof.

The will, among other things, contained the following provision : "It is my will and desire, and I do hereby direct the whole" (that is, the residue of his estate) "shall be appraised and divided by my executors, hereinafter named, into two equal shares or portions ; one of which, and that one which my said wife shall choose or select, I give, devise, and bequeath to my said wife, to have, use, and possess, during the term of her natural life or widowhood, and from and after her death I give, devise, and bequeath the same to my children and their representatives, subject to the terms and conditions hereinafter prescribed." The other half he directed to be divided into nine equal parts, and gave one part to each of his children by name, then alive, and the other to be equally divided between the two children of a deceased son, to be held for life, with remainders over. The will also provides that "in estimating and appraising the value of my estate, I direct that a specie basis shall be used, or such value put upon my property as it would have borne in the year of our Lord one thousand eight hundred and sixty."

The executrix, in the language of the referee's report, "appears to have acted with the most exemplary good faith, and to have been actuated by a desire to do every one of the legatees equal and exact justice. No step, however unimportant, appears to

have been taken without the consent and approval of all the parties in interest who were of age to consent, or without the advice of skilful and able counsel." In December, 1865, the executrix called in four neighbors and had an inventory and appraisement of the estate made and filed in the office of the ordinary. No attempt was made then to divide the property, but by agreement of the adult legatees it was kept together and planted for the common benefit. In August, 1867, the legatees agreed in writing "to divide the estate" according to the will. This agreement was signed by all the adult legatees, and the instrument proceeded: "Owing to the unsettled condition of the country and the probability of confiscation, we agree to rent that portion of the land belonging to the children and divide the proceeds at the end of each year," &c.

On March 21, 1868, the property was appraised for the purpose of making a partition as directed by the will, the appraisers having been appointed by the ordinary, and acting under his warrant. They were three of the former appraisers. On the same day five of the adult legatees signed a written guaranty, "faithfully, honestly, pecuniarily, and everything to a cent of property, to support the executors of the above deceased, in any difficulty in land that she may become engaged in hereafter concerning the estate. This, in consideration that they do not charge any commission on the estate." Among the signers of this guaranty was Janie E. Smith, the plaintiff, and the *cestui que trust* of Asa Smith, plaintiff. All the legatees who were of age had full notice of these proceedings and consented to and approved of them and received portions under the partition made, including Mrs. Jane Smith and Asa Smith, her trustee.

The referee and the Circuit Judge have concurred in the facts found, and this court can perceive nothing in the case that would justify any interference with their conclusions. For the purposes of this opinion, they need not be further recited in this place.

The principal question of law raised by the appeal concerns the power of the executrix to make the appraisement and partition of the estate, now sought to be set aside. Had she authority alone to execute the power conferred upon the executors to appraise and divide the estate? If it was a mere naked authority

given to several persons, all must act. 4 *Kent*, 325 ; *Mallet* v. *Smith*, 6 *Rich. Eq.*, 22, 60 *A. D.*, 107. So if it indicates a personal confidence in the persons named, and the word executors is merely a designation or title. *Mallet* v. *Smith*. The ground of the power being personal confidence, it is *prima facie* limited to the persons named, and will not survive without express words. *Cole* v. *Wade*, 16 *Ves.*, 27. If, however, the power be conferred upon executors as such, without naming those holding that office, and there is nothing to show that it is a personal trust, the execution of the power appertains to the office of executor, and may be performed by the person holding the position, if the execution of the power be necessary in order to carry into effect the will of the testator. *Jackson* v. *Ferris*, 15 *Johns.*, 347 ; *DeSaussure* v. *Lyons*, 9 *S. C.*, 496, 501 ; *Forbes* v. *Peacock*, 11 *Mees. & W.*, 636 ; *Sugden on Powers*, 139.

If it be a power coupled with a trust, it survives and may be executed by one executor where the others die or renounce the office. The test of such a power being coupled with a trust, is that a third party has such an interest as will enable him to call on the executors to execute the trust. *Jackson* v. *Given*, 16 *Johns.*, 168 ; *Franklin* v. *Osgood*, 14 *Johns.*, 527, 553 ; *Caines Cases*, 15 ; *Taylor* v. *Benham*, 5 *How.*, 266; *Peter* v. *Beverly*, 10 *Peters*, 532. It cannot be doubted that the power in this case was one coupled with a trust and to be executed by the executors *virtute officii*, and necessary to be put into exercise in order to execute the provisions of the will. Hence it was properly executed by the only person who qualified as executor.

As to the manner in which the power was executed in 1868, we find nothing to question. The provisions of the will were carried out in the most reasonable and discreet manner. All the adult parties approved of it and participated in its results. They have acquiesced in it for a number of years and could not now complain if any irregularities in the proceedings had been shown to exist. The plaintiffs, especially, are estopped to deny the validity of the transaction by their conduct in connection with it.

Nothing was decided by the Circuit Court in regard to the claim for commissions by the executrix. It was made the subject of a reference in order to ascertain the facts in regard to it.

It is not necessary to say anything in regard to the other matters discussed on the appeal. It is sufficient to say that we concur upon those points with the court below for the reasons appearing in the Circuit decree and the excellent report of the referee.

The judgment of the court is, that the judgment of the Circuit Court be affirmed, and that the case be remanded to the Circuit Court for such further proceedings as may be necessary to carry out the judgment of that court.